**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2011-23

STEVEN A. STARK and
CANDICE L. STARK,

     Plaintiffs-Appellants,

v.

RICHARD VANNUCCI
and MARY VANNUCCI,

     Defendants-Respondents.

_____

Submitted May 29, 2025 – Decided July 3, 2025

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0135-23.

The Marchese Law Firm, LLC, attorneys for appellants (Daniel G.P. Marchese, on the brief).

Robert J. Basil (The Basil Law Group, PC), attorney for respondents.

PER CURIAM

Plaintiffs Steven A. Stark and Candice L. Stark appeal from the February 2, 2024 order dismissing the complaint with prejudice for failure to state a claim under Rule 4:6-2(e). Stark alleged claims of malicious prosecution and abuse of process regarding a litigation previously filed and later dismissed by defendants Richard Vannucci and Mary Vannucci against Stark[1] (first action). Because Stark did not (and could not) factually support his causes of action, we affirm.

We provide a brief summary of the first action for context in this case. On November 12, 2018, Vannucci filed a complaint against Stark alleging claims of conversion, tortious and intentional damage to property, defamation/false light, malicious prosecution and abuse of process, battery, intention infliction of emotional distress, and conspiracy to commit intentional torts. Essentially, Vannucci alleged Stark had "the primary purpose of destroying the [Vannucci] family . . . so that [Stark] c[ould] exercise dominion over [Vannucci's] daughter—Veronica Vannucci."

Vannucci further alleged that Steven leads a cult, of which his wife and daughter are members. According to Vannucci, after Veronica met Stark's

---

[1] We refer to the parties in the singular for the ease of the reader. We use their first names when referring to them individually.

daughter, Steven began to indoctrinate Veronica into the cult's doctrines and separate Veronica from her family. Eventually Veronica moved in with the Stark family. The complaint described multiple incidents regarding Steven and his interactions with Veronica, including "nightly exorcisms and demon deliverances."

At one point, Veronica filed criminal charges against Richard. According to Richard, he attempted to speak with Veronica at church and grabbed her hand "so she would not run away." When Steven saw this, he "grabbed Richard's arm." The complaint alleged Richard then "grip[ped] Veronica more tightly so that marks were left on Veronica's right upper arm." Veronica sought and received a temporary restraining order (TRO) against Richard. Veronica later agreed to dismiss the TRO and charges.

Stark filed a counterclaim alleging intentional infliction of emotional distress and battery/assault. The counterclaim was later dismissed by the court.

Just before trial, Vannucci moved for a voluntary dismissal of the complaint under Rule 4:37-1(b). Stark opposed the dismissal. On December 13, 2022, the court granted the motion to dismiss with prejudice. The order contained the following pertinent provisions:

> (2) That this [o]rder does not constitute any finding by the [c]ourt that the claims, allegations, or defenses of

any of the parties have been either upheld, proven, rejected or disproven; (3) That this [o]rder does not constitute an admission of any party with respect to any allegations or claims lodged against such party; (4) That [Vannucci] shall make no disparaging statements about [Stark], either by reference to the record made in this matter or otherwise, after the entry of this [o]rder; (5) That [Stark] shall make no disparaging statements about [Vannucci], either by reference to the record made in this matter or otherwise, after the date of this [o]rder; (6) That [Vannucci] shall make contact with or communicate with [Stark], if at all, only through counsel of record; (7) That [Stark] shall make contact with or communicate with [Vannucci], if at all, only through counsel of record; AND IT IS FURTHER ORDERED that violation of this [o]rder shall subject the violating party to sanctions in the form of contempt of [c]ourt and such other sanctions as the [c]ourt may deem appropriate at the time and considering the nature of the violation.

Three months later, Stark filed the complaint in this matter, asserting Vannucci "pretended to litigate the [first action] until the point that it was listed for [t]rial and then their attorney offered to submit a Voluntary Stipulation of Dismissal." Stark alleged actions of abuse of process and malicious prosecution.

Vannucci moved to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 4:6-2(e). On February 2, 2024, the court granted the motion.

In its written opinion, the court addressed the abuse of process claim and reasoned:

[Stark] merely allege[s] . . . [Vannucci] brought the initial complaint in the underlying matter out of ill-will and bad faith in an effort to "harass and victimize [Stark]" with the litigation. This [c]ourt will not here determine whether the underlying matter was brought in bad faith or improperly as that is not at issue here. The question before the [c]ourt is whether [Vannucci] used process in a coercive manner and committed further acts in an effort to abuse process. Even with the most favorable reading of the [c]omplaint here[,] [Stark] ha[s] failed to meet their burden. Nothing in the [c]omplaint indicates that the process used in the underlying matter was "illegitimate" or "coercive" as [Stark] merely allege[s] that the underlying matter was brought with bad intentions by [Vannucci]. [This] is not enough to constitute abuse of process.

In considering the elements to establish a malicious prosecution claim, the judge found Stark "made a preliminary showing that (1) the original suit was instituted without reasonable cause and that (2) the [first action] was motivated by malice." However, as to the remaining elements, the court stated:

[T]he [first action] was not favorably terminated, as it was not dispositive. The [o]rder dismissing the suit without prejudice, . . . states plainly . . . "(2) That this [o]rder does not constitute any finding by the [c]ourt that the claims, allegations, or defenses of any of the parties have been either upheld, proven, rejected or disproven;[" and "](3) That this [o]rder does not constitute an admission of any party with respect to any allegations or claims lodged against such party." Therefore, by the express language of the order, termination of the underlying matter was not favorable. The [c]ourt indicated in this reasoning that "the court's objective is to encourage the parties to put this

5

unfortunate litigation behind them . . . The court foresees no need for the parties to have further contact with each other and . . . discourage[s] the parties from making any disparaging statements about the other party."

In addition, the court found Stark had not established the requisite special grievance in the complaint nor could he do so "based on the result of the [first action]."

On appeal, Stark contends the court erred in not considering the motion under a summary judgment standard. Stark further asserts he alleged sufficient facts in the complaint to support the claims of malicious prosecution and abuse of process.

Our review of "Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted" is de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). In considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp

Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

"Dismissals under Rule 4:6-2(e) are ordinarily without prejudice." Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022). "[A] dismissal with prejudice is 'mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted,' Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987) or if 'discovery will not give rise to such a claim,' Dimitrakopoulos, 237 N.J. at 107." Ibid. (citations reformatted).

We discern no merit to Stark's argument that the court failed to convert Vannucci's dismissal application into a summary judgment motion and, in turn, consider it under the summary judgment standard articulated in Rule 4:46-2. Stark contends Vannucci improperly presented, and the court erroneously considered, material outside the complaint.

In evaluating a motion to dismiss under Rule 4:6-2, a court may "consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005)).

In addressing Stark's contention regarding the appropriate standard, the court stated:

> [T]he extraneous facts included in [Vannucci's] motion not contained in the complaint are matters of public record, all contained in the docket of the underlying matter. Therefore, this [c]ourt finds that this motion was brought appropriately, and, as such, will proceed to the analysis of whether each count should be dismissed.

To support the dismissal motion, Vannucci relied on allegations in the complaint from the prior action. The complaint was a public record under Rule 1:38-1. Vannucci possessed the complaint as it was served on him as a party to the first action. The court properly declined to convert the application to one for summary judgment.

We turn to the specific causes of action. "Malicious prosecution provides a remedy for harm caused by the institution or continuation of a criminal action that is baseless." LoBiondo v. Schwartz, 199 N.J. 62, 89 (2009). "Malicious use of process is essentially the analog used when the offending action in question is civil rather than criminal." Id. at 89-90.

To establish malicious prosecution, a plaintiff must prove four elements: "(1) a criminal action was instituted by this defendant against this plaintiff, (2) the action was motivated by malice; (3) there was an absence of probable cause

to prosecute; and (4) the action was terminated favorably to the plaintiff." Id. at 90 (citing Lind v. Schmid, 67 N.J. 255, 262 (1975)).

"Malicious use of process requires the plaintiff to prove the civil counterpart to each of those elements, but adds a fifth requirement, namely, that the plaintiff has suffered a special grievance caused by the institution of the underlying civil claim." Ibid. (citing Mayflower Indus. v. Thor Corp., 15 N.J. Super. 139, 152 (Ch. Div. 1951)). "The added special grievance requirement reflects the significantly different implications that flow from being sued in a civil matter as compared to being prosecuted on a criminal charge." Ibid. "[T]he absence of any one of these elements is fatal to the successful prosecution of the claim." Ibid.

Here, the first element is satisfied because Vannucci instituted the underlying matter against Stark. The trial court also found, without supporting reasons, that the first action was instituted without reasonable cause and that it was motivated by malice.

"Reasonable or probable cause for the institution of a civil suit is the presence of reasonable ground for belief that the cause of action exists supported by circumstances sufficient to warrant an ordinarily prudent man in the belief that it exists." Mayflower Indus., 15 N.J. Super. at 153. In making this

9

determination, "'[t]he totality of the circumstances must be considered . . . ' and 'the court must make a practical, common sense determination[.]'" Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 398 (2009) (alterations in original) (quoting State v. O'Neal, 190 N.J. 601, 612 (2007)). The trial court did not explain why this element was satisfied. From the facts presented in the first action, we cannot conclude Vannucci did not have reasonable cause to bring the civil suit.

We find similarly regarding the malice prong. "[M]alice in the law means nothing more than the intentional doing of a wrongful act without justification or excuse." Mayflower Indus., 15 N.J. Super. at 153 (quoting Brennan v. United Hatters, 73 N.J.L. 729, 744 (1906)). "What a person's intentions were need not be proved from what he said, but they may be inferred from all that he did and said, and from all the surrounding circumstances of the situation under investigation." Id. at 162. However, "[a] number of courts have interpreted the requirement for a showing of actual malice to include at least some extrinsic evidence of malice, rather than relying only upon inference." Brunson, 199 N.J. at 396 (alteration in original) (quoting Westhoff v. Kerr S.S. Co., 219 N.J. Super. 316, 324 (App. Div. 1987)).

A-2011-23

In reviewing the facts presented here, we disagree with the trial court's determination that Stark established Vannucci filed the first action with actual malice, particularly in the absence of providing any reasons to support the conclusion.

Nevertheless, it is of no importance since we are satisfied the court supported its findings and conclusions regarding the remaining elements of the tort. Under the fourth prong, Stark must demonstrate the first action was terminated favorably to him. We have stated that "[i]f the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused, the termination is viewed as indecisive and insufficient to support the cause of action." Mondrow v. Selwyn, 172 N.J. Super. 379, 384 (App. Div. 1980) (citing Restatement (Second) of Torts § 660(a) (Am. L. Inst. 1977)). "The inquiry into whether a termination was favorable focuses on whether it was dispositive as to the accused's innocence of the crime for which they were charged." Freeman v. State, 347 N.J. Super. 11, 27 (App. Div. 2002).

The trial court found "the [first action] was not favorably terminated, as it was not dispositive." The dismissal order specifically indicates it "does not constitute any finding by the [c]ourt that the claims, allegations, or defenses of any of the parties have been either upheld, proven, rejected or disproven." It

further states that the order "does not constitute an admission of any party with respect to any allegations or claims lodged against such party." Therefore, Stark cannot satisfy this element.

Nor can Stark prove a special grievance. In fact, he does not assert any special grievance in his complaint. Our Supreme Court has stated that "[c]ounsel fees and costs in defending the action maliciously brought may be an element of damage in a successful malicious prosecution, but do not in themselves constitute a special grievance necessary to make out the cause of action." Penwag Prop. Co. v. Landau, 76 N.J. 595, 598 (1978) (citing Mayflower Indus., 15 N.J. Super. at 175-76).

As stated, the absence of any element is fatal to the claim. Here, Stark cannot establish most of the elements of the tort. The trial court properly dismissed the claim for malicious prosecution.

We turn to the claim of abuse of process, defined as "the misuse, or 'misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance.'" Baglini v. Lauletta, 338 N.J. Super. 282, 293 (App. Div. 2001) (quoting Prosser & Keeton on Torts § 121 at 897 (5th ed. 1984)).

12

"[B]asic to the tort of malicious abuse of process is the requirement that the defendant perform 'further acts' after issuance of process 'which represent the perversion or abuse of the legitimate purposes of that process.'" Id. at 294 (quoting Penwag Prop. Co. v. Landau, 148 N.J. Super. 493, 499 (App. Div. 1977)). "[P]rocess has not been abused unless after its issuance the defendant reveals an ulterior purpose he had in securing it by committing 'further acts' whereby he demonstrably uses the process as a means to coerce or oppress the plaintiff." Tedards v. Auty, 232 N.J. Super. 541, 550 (App. Div. 1989) (citing Gambocz v. Apel, 102 N.J. Super. 123, 130-31 (App. Div. 1968)). "In the absence of some coercive or illegitimate use of the judicial process there can be no claim for its abuse." Baglini, 338 N.J. Super. at 294 (quoting Penwag, 148 N.J. Super. at 499).

The trial court found Stark did not establish that Vannucci "used process in a coercive manner and committed further acts in an effort to abuse process." We see no reason to disturb that finding. Stark does not allege any "further acts" in the complaint to support the tort of malicious abuse of process.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hadley

Clerk of the Appellate Division

A-2011-23